No. 995 November 19, 2025 99

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MELISSA CAROLYN BRUCE,
*Defendant-Appellant.*

Clackamas County Circuit Court
23CR13905; A183184

Ann M. Lininger, Judge.

Submitted October 2, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emma Izaguirre, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Robert C. Hansler, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Defendant appeals her convictions, after a jury trial, of one count of reckless driving, ORS 811.140 (Count 1), and one count of resisting arrest, ORS 162.315 (Count 2). In a single assignment of error, she contends that the trial court erred in admitting evidence of a speeding citation that defendant received after the incident that gave rise to the charges. We conclude that any error in admitting the evidence was harmless and affirm.

We begin with a brief overview of the undisputed procedural background to give context for this nonprecedential memorandum opinion. Defendant's charges arose out of an incident in which she was alleged to have run a vehicle—driven by a detective wearing plain clothes—off the road while she sped down the freeway, ran a red light, and then engaged in a physical altercation with the detective outside of a police station. At trial, whether defendant drove recklessly was a question of credibility. Evidence at trial included the detective's and defendant's respective testimonies describing the incident. Defense counsel asked defendant if she recalled running the red light, and she testified:

"No. I don't go through lights. I have kids, and I had an alcoholic father who would drive drunk. So I'm very cautious about driving."

Defendant also testified that the incident involving the detective had "affected [her] whole life," including her "ability to drive." She testified, "I don't like to drive because I'm scared of passing a cop, of interacting with a cop, anything."

Outside the presence of the jury, the prosecutor told the trial court and defense counsel that she planned to cross-examine defendant about her driving record and to impeach defendant's testimony with evidence of defendant's past traffic tickets, which included a violation of a traffic control device and several speeding citations before the charged incident and one speeding citation from 2022, which had been issued to defendant after the charged incident. Defendant objected to evidence of the 2022 citation, arguing that it was not relevant. The prosecutor responded that the citation directly impeached defendant's testimony

describing her driving after the charged incident. In reply, defendant argued that the prejudice of that evidence outweighed any probative value.

The trial court ruled that evidence of the post-incident citation was relevant impeachment evidence and that the probative value of the evidence was not outweighed by prejudice under OEC 403. Thus, the jury heard evidence of defendant's 2022 speeding citation over defendant's objection. The jury also heard evidence of four other citations that had been issued to defendant over several years before the charged incident that were admitted without objection— one for failing to obey a traffic control device and three for exceeding the speed limit. As noted earlier, the jury found defendant guilty of reckless driving and resisting arrest.

On appeal, defendant contends that the trial court erred in admitting the 2022 citation, because it did not directly contradict her trial testimony about her own driving—that she was a cautious driver and that she feared the police—and therefore was not proper impeachment evidence. The state argues that defendant's argument at trial failed to preserve the argument that she now makes on appeal and that, even if her argument is preserved for appellate review, there was no error and that any error was harmless.

Even assuming that defendant's argument was adequately preserved, we do not address the merits of her contention on appeal, because we conclude that any error by the trial court in admitting evidence of the 2022 citation was harmless. In light of the evidence of the four traffic citations that were admitted without objection, we conclude that the evidence of the 2022 citation had little likelihood of affecting the verdict. *See State v. Davis*, 336 Or 19, 27-28, 32, 77 P3d 1111 (2003) (explaining that, under Article VII (Amended), section 3, of the Oregon Constitution, erroneously admitted evidence does not provide a basis for reversal where the error has little likelihood of affecting the verdict). Accordingly, we affirm defendant's convictions.

Affirmed.